NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7082

JOHNNIE K. MURRELL,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Johnnie K. Murrell, of Detroit, Michigan, pro se.

Michael D. Snyder, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Assistant Director.  Of counsel on the brief was Michael J. Timinski, Deputy Assistant General Counsel, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

# United States Court of Appeals for the Federal Circuit

2009-7082

JOHNNIE K. MURRELL,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-2576, Chief Judge William P. Greene, Jr.

_____

DECIDED:  September 14, 2009

_____

Before MICHEL, Chief Judge, NEWMAN, and MOORE, Circuit Judges.

PER CURIAM.

Johnnie K. Murrell appeals from a decision of the U.S. Court of Appeals for Veterans Claims (Veterans Court).  See Murrell v. Peake, No. 06-2576, 2008 WL 4140413 (Vet. App. Aug. 29, 2008).  The Veterans Court affirmed a decision of the Board of Veterans' Appeals (Board) setting an effective date of August 12, 1996 for Mr. Murrell's award of disability compensation.  Because Mr. Murrell appeals only factual determinations, we dismiss for lack of jurisdiction.

The scope of our review of a Veterans Court decision is limited by statute.  See 38 U.S.C. § 7292.  Under § 7292(a), we may review a decision by the Veterans Court

with respect to the validity of "any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." We must affirm a Veterans Court decision unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." Id. § 7292(d)(1). Further, absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. Id. § 7292(d)(2).

The complex procedural history of this case is well detailed in the opinion of the Veterans Court and does not need to be repeated here in full. In 1971, Mr. Murrell sought to reopen a previously denied claim for service connection of a "paranoid personality disorder." Due to VA error, Mr. Murrell was not notified of the denial of his claim until May 2, 1996, after he again tried to reopen his claim. The VA Regional Office (RO) advised Mr. Murrell that he had one year to appeal this decision. Mr. Murrell timely filed an appeal, which he subsequently withdrew in favor of filing an action based on clear and unmistakable error. Consequently, the May 1996 denial became final in May 1997, following the one-year period.

On August 12, 1996—during the one-year period—Mr. Murrell filed a letter that the RO determined did not constitute new evidence sufficient to abate the finality of the March 1971 decision; the letter was therefore considered a new claim to reopen. The RO denied the new claim in November 1996—thereby establishing a separate one-year time period to appeal that denial. In September 1997, within the new one-year appeal

period, Mr. Murrell submitted new and material evidence, in the form of a private medical report, related to the new claim. Based on this new evidence, the RO granted service connection. Following additional appeals, the Board assigned an effective date of August 12, 1996, the date of the most recent claim to reopen.

Mr. Murrell seeks an earlier effective date, arguing that the Board relied on "the wrong governing regulation" in determining the effective date for his award. Specifically, Mr. Murrell argues that the Board erred by applying the new and material evidence exceptions of 38 C.F.R. § 3.400(q)(1)(ii) to his August 1996 claim instead of applying 38 C.F.R. § 3.400(q)(1)(i) to his 1971 claim. In determining the effective date of an award, the Board looks to 38 C.F.R. § 3.400, which states:

> Except as otherwise provided, the effective date of an evaluation and award of pension, compensation or dependency and indemnity compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is the later.

Id. The relevant exception regarding new and material evidence is found in section 3.400(q), which states in relevant part:

> (q) New and material evidence (§ 3.156 )—
>     (1) Other than service department records—
>         (i) Received within appeal period or prior to appellate decision. The effective date will be as though the former decision had not been rendered. See §§ 20.1103, 20.1104 and 20.1304(b)(1) of this chapter.
>         (ii) Received after final disallowance. Date of receipt of new claim or date entitlement arose, whichever is later.

Id. In this case, the Board made the factual determination that the appeal period relating to the 1971 claim ended in May 1997, prior to Mr. Murrell's September 1997 submission of new and material evidence. Accordingly, the exceptions of 38 C.F.R. § 3.400(q)(1)(i) could not be applied to the 1971 claim as requested by Mr. Murrell. The

Board further determined that the September 1997 submission was within the one-year appeal period following the denial of Mr. Murrrrell's August 1996 claim and therefore applied the new evidence exceptions to that claim—establishing an effective date of August 12, 1996. The Board's application of section 3.400(q)(1)(ii) to Mr. Murrell's August 1996 claim to reopen was wholly dependent on the factual determination that the letter submitted by Mr. Murrell on August 12, 2006, constituted a new claim for service connection. Mr. Murrell's appeal challenges this factual determination. Our jurisdiction does not allow us to review such factual determinations. Accordingly, we dismiss for lack of jurisdiction.

## COSTS

No costs.